| |
|---|
| **Capital Moving & Stor., Inc. v Oppenheimer & Co., Inc.** |
| 2024 NY Slip Op 33854(U) |
| October 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 655840/2019 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    <u>HON. ARLENE P. BLUTH</u>                    PART                    14

*Justice*

-----------------------------------------------------------------------------X

CAPITAL MOVING & STORAGE, INC.,

       Plaintiff,

    - v -

OPPENHEIMER & CO., INC.,

       Defendant.

-----------------------------------------------------------------------------X


OPPENHEIMER & CO., INC.

       Plaintiff,

    -against-

EAST WEST TRANSFER, LLC

       Defendant.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 655840/2019 |
| MOTION DATE | 10/23/2024 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No.  595957/2019

The following e-filed documents, listed by NYSCEF document number (Motion 001) 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 55, 57, 58, 59, 60, 61, 62, 63

were read on this motion to/for      <u>   SUMMARY JUDGMENT   </u>.


   Defendant's motion for summary judgment is granted.

**Background**

   Plaintiff contends that it transported property belonging to defendant in connection with defendant's office relocations. It alleges that defendant signed bills of lading in connection with this service and that it has sent invoices to defendant which remain outstanding. Plaintiff insists that it is owed $157,606.17.

**655840/2019   CAPITAL MOVING & STORAGE, INC. vs. OPPENHEIMER & CO., INC.**
**Motion No.  001**

**Page 1 of 5**

1 of 5

[* 1]

Defendant moves for summary judgment. Defendant admits it hired third party defendant EWT to do two office relocations in Manhattan as well as moving certain property between these offices and its headquarters located in lower Manhattan. Defendant acknowledges that EWT informed defendant that EWT needed to hire another company, plaintiff, to help with the move. Defendant contends that plaintiff is not entitled to recover from defendant under the terms of the bills of lading and points out that defendant paid its actual mover, third-party defendant East West Transfer LLC ("EWT"), in full.

Defendant includes the affidavit of David Rogers, a managing director of defendant, who insists that EWT represented that all payments should be made to EWT and that EWT would handle any payments to plaintiff (NYSCEF Doc. No. 28, ¶ 6). Mr. Rogers includes invoices defendant received from EWT and proof of payment (NYSCEF Doc. No. 29). Defendant argues it paid EWT $198,893.94 in connection with the move. Defendant argues that it should not be forced to pay twice for the services it received. It argues that the bills of lading are between plaintiff and EWT, not defendant, and plaintiff is estopped from seeking payment from defendant. Mr. Rogers argues he never signed any of the bills of lading.

In opposition[1], plaintiff asserts that each bill of lading was issued to Oppenheimer's agent, EWT. Plaintiff maintains that defendant therefore operated as both the consignor and consignee and so plaintiff is entitled to receive payment from defendant. It emphasizes that defendant does not dispute that plaintiff performed the subject services and that payment to EWT is not sufficient.

---

[1] The Court did not consider the affidavit of Mr. Mannifield (NYSCEF Doc. No. 58) as it was unsigned. An "/s/" signature is not permitted for a client affidavit; moreover, the document contains a blank signature line for a notary.

**655840/2019   CAPITAL MOVING & STORAGE, INC. vs. OPPENHEIMER & CO., INC.**          **Page 2 of 5**
  **Motion No.  001**

Plaintiff also contends that defendant was unjustly enriched and points out that it provided a hold harmless agreement to the landlords (not defendant) at the premises. It includes a letter from Mr. Rogers to Sage Realty, Inc. explaining that plaintiff was the designated mover.

In reply, defendant contends the opposition papers suffer from numerous procedural defects and that it is not liable as the consignee. It reiterates that it never signed the bills of lading and that it should not be forced to double-pay for its office moves.

**Discussion**

The Court observes, as an initial matter, that this is not a typical case involving a bill of lading, which usually involves disputes between the consignor and the consignee. Here, the property never changed hands; items were primarily shipped between defendant's offices. And there is little dispute that defendant hired EWT to do the move, not plaintiff. The question, then, is whether defendant (as the consignee) is liable under the bills of lading.[2]

Defendant met its burden to show that it paid the bills it received from EWT and that it was defendant's understanding that it was supposed to pay EWT, not plaintiff, related to this move. Defendant therefore satisfied its prima facie burden with respect to its estoppel argument. "The cases which permit the defense of estoppel to be interposed in the carrier's suit against the consignee involve factual situations where either the carrier's own conduct has increased the likelihood that the charges will be uncollectible as against the shipper or where the consignee relying upon conduct by the carrier has paid the shipper for the freight charges and further payment would amount to double payment by the consignee" (*Ctr. Carriers, Inc. v Barker*, 44 AD2d 312, 314, 354 NYS2d 215 [4th Dept 1974]). "There is no absolute rule imposing liability

---

[2] The Court observes that bills of lading contain numerous combinations of shippers and consignees. Sometimes, the shipper and consignee are both defendant while both plaintiff and EWT are also included (*see e.g.*, NYSCEF Doc. Nos. 40 at 44, 46).

**655840/2019  CAPITAL MOVING & STORAGE, INC. vs. OPPENHEIMER & CO., INC.**          **Page 3 of 5**
  **Motion No.  001**

3 of 5

[* 3]

on the consignee" (*Airborne Frgt. Corp. v Irving Tr. Co.*, 26 AD2d 507, 511, 26 AD2d 507, 275 NYS2d 863 [2d Dept 1966]).

The latter scenario is clearly at issue here. Mr. Rogers insisted that EWT told him it would pay plaintiff and that defendant would pay EWT, which it did (NYSCEF Doc. No. 28 at 3). He contends that the move was completed by May 2019 and that plaintiff did not demand payment from defendant until June 27, 2019 (*id.*). Also attached to this affidavit is an email dated May 29, 2019 from Mr. Mannifield (from plaintiff) to EWT in which he claims that "Dave (La Conte) [an employee of EWT], I believe you said that Oppenheimer paid you for the moves and you were dropping off a check for our portion. Did I misunderstand you? Our accounting records show we have not been paid anything for the project that we invoiced you for. Are we supposed to invoice Oppenheimer directly[?]" (NYSCEF Doc. No. 31).

These communications, combined with the payments made by defendant to EWT, compel the Court to grant summary judgment based on the estoppel argument so as to avoid double payment by defendant, the consignee. It seems that all parties were under the impression that EWT would pay plaintiff a portion of the money it received from defendant. Only when it became clear to plaintiff that EWT was not going to pay did plaintiff decide to sue defendant. Plaintiff did not submit anything to suggest that defendant ever agreed to pay plaintiff directly or that the amount defendant paid failed to constitute the full amount for the move. That is, plaintiff did not raise an issue of fact concerning the double payment assertion made by defendant. Moreover, the Court stresses that defendant, on these papers, demonstrated that it never signed the bills of lading. The signatures, as argued by defendant, appear to be by Mr. La Conte of EWT. The Court is unable to ignore the estoppel argument under circumstances where defendant is being asked to pay twice based on agreements it never signed.

**655840/2019  CAPITAL MOVING & STORAGE, INC. vs. OPPENHEIMER & CO., INC.**
**Motion No.  001**

**Page 4 of 5**

The Court also dismisses the unjust enrichment cause of action (plaintiff's other claim). The elements of this cause of action include "that (1) the other party was enriched, (2) at that party's expense, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered" (*Georgia Malone & Co., Inc. v Rieder*, 19 NY3d 511, 516, 950 NYS2d 333 [2012] [internal quotations and citation omitted]). This claim fails based on the final element. As noted above, defendant paid the invoices issued to it by EWT and so the Court is unable to find that equity and good conscience requires it to pay for these services again.

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgment is granted, the complaint is dismissed, and the Clerk is directed to enter judgment accordingly along with costs and disbursements upon presentation of proper papers therefor.

| | | |
|---|---|---|
| **10/28/2024** | | |
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| **CHECK ONE:** | X | CASE DISPOSED | | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| **APPLICATION:** | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**655840/2019  CAPITAL MOVING & STORAGE, INC. vs. OPPENHEIMER & CO., INC.**
**Motion No.  001**

**Page 5 of 5**

5 of 5

[* 5]